UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

REID COULING,

    Plaintiff,

v.

THE ANDERSONS, INC.,

    Defendant.

Case No.

Hon.

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Reid Couling, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant, states as follows:

1. Plaintiff is a resident of the City of Brooklyn, County of Jackson and State of Michigan.

2. Defendant, The Andersons, Inc. (hereinafter "Defendant") is a foreign profit corporation incorporated under the laws of the State of Ohio, whose registered agent is National Registered Agents, Inc., whose registered office address is 40600

Ann Arbor Road East, Ste. 201, Plymouth, MI 48170, and who is duly authorized to do business in the State of Michigan.

3. The events producing the original injury occurred in the County of Lenawee, State of Michigan, and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391.

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting violations of the Michigan Whistleblower Protection Act, which resulted in economic damages to the Plaintiff.

5. The amount in controversy exceeds $75,000.00 and this court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Defendant, The Andersons, Inc., is an agricultural company who is involved in commodity trading, grain storage, ethanol production, plant nutrient research, and railroad shipping across the United States and internationally.

8. Defendant operates a business location in Township of Hudson, County of Lenawee, State of Michigan.

9. Plaintiff began his employment with Defendant on or around September 2018.

10. Plaintiff worked at the Defendant's location in Hudson, Michigan.

11. Shortly after April 24, 2021 Plaintiff overheard a co-worker, his crew leader at Defendant Anderson, Todd Tripp, discuss that he knew where a dead body was buried.

12. The dead body was of a local woman who had been reported missing and Plaintiff's co-worker implied that he was involved in what sounded like an abduction and murder.

13. Plaintiff told a friend about the co-worker's comment who reported the comment to the local Brooklyn police department, and scheduled a time for Plaintiff to speak with a police detective.

14. In May/June 2021 Plaintiff voluntarily left his employment at Defendant Anderson for another opportunity.

15. On July 8, 2021 Plaintiff spoke with the Brooklyn Police Department a public body under the WPA and reported a violation or suspected violation of state and federal law in that the missing local woman had been murdered and his co-worker knew where the body had been buried.

16. After Plaintiff spoke with the Brooklyn police department, Plaintiff was confronted by Mr. Tripp, about reporting what he had heard to the police.

17. Mr. Tripp told Plaintiff while both Tripp and Plaintiff were atop a 200-foot-tall grain tower that "if you [Plaintiff Reid Couling] go to the police, no one would know if you fell from this platform or were pushed."

18. After Plaintiff reported the violation or suspected violation of law to the police, Mr. Tripp started brandishing firearms, including a .223 rifle, an AR-15 rifle, and several other firearms on company property in effort to intimidate and threaten Plaintiff for reporting a violation or suspected violation of law to the police.

19. Mr. Tripp showed these firearms to the Plaintiff in an attempt to intimidate Plaintiff into not talking to the local police about the conversation he had overheard that discussed the location of a dead body.

20. On or around September 20, 2021, Defendant called its employees to a Corporate Human Relations meeting at its corporate Headquarters located at 1947 Briarfield Boulevard, Maumee, OH 43537.

21. During this meeting, Plaintiff was confronted by Defendant's Corporate Human Resources department with a fictitious allegation that Plaintiff had used a racial slur to describe an African-American employee of the Defendant.

22. As a result of this fictitious allegation, Plaintiff was terminated from his position with the Defendant on or around September 20, 2021.

23. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights in retaliation for Plaintiff going to the local police

department about what he had overheard in his employment about the location of a dead body in the area.

## COUNT I
## VIOLATIONS OF THE
## MICHIGAN'S WHISTLEBLOWERS' PROTECTION ACT

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25.     At all times, Plaintiff was an employee and Defendant was his employer covered by and within the meaning of the Whistleblowers' Protection Act, MCLA 15.361, *et seq.*, MSA 17.428(1), *et seq.* ("WPA).

26.     Plaintiff was engaging in a protected activity when he reported violations or suspected violations of the criminal laws of the State of Michigan based on the conversation he had overheard.

27.     Defendant, through the actions of its agents and representatives, including, Mr. Todd Tripp, Defendant's corporate human resources department, and others, violated the WPA when it discriminated against Plaintiff regarding the terms, conditions and privileges of his employment by terminating his contract in retaliation for Plaintiff going to the local police to report a suspected violation of Michigan criminal law.

28.     Defendant's actions were intentional.

29. As a direct and proximate cause of Defendant's unlawful actions against Plaintiff, Plaintiff sustained, and will sustain in the future, injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By:/s/Scott P. Batey_____
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: October 12, 2021

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Reid Couling, by and through his attorneys, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                              Respectfully submitted,

                                              **BATEY LAW FIRM, PLLC**

                                       By:/s/Scott P. Batey_____
                                            SCOTT P. BATEY (P54711)
                                            Attorney for Plaintiff
                                            30200 Telegraph Road, Suite 400
                                            Bingham Farms, Michigan 48025
                                            (248) 540-6800
                                            sbatey@bateylaw.com

Dated:  October 12, 2021